THE PHILADELPHIA BANK *v.* WILLIAM M. LAMBETH and others.

It is no objection to the introduction in evidence of an act of the Legislature of another State, extending the charter of a Bank for the purpose of proving its existence as a corporation, that the original act of incorporation is not produced. The act offered, certainly proves *rem ipsam*—that the extension of the charters was granted.

Acts of the Legislature, or extracts from the executive minutes of another State, attested by the Secretary of State, and accompanied by a certificate from the Governor, under the great seal of the State, declaring that the person who attests them is the Secretary of State, and that his attestation is in due form, are sufficiently proved.

Where the object is to prove the existence of a corporation in another State, it is no objection to the admissibility of the testimony of a witness offered to prove that he had corresponded with the corporation, that the act of incorporation would be better evidence.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

*C. M. Jones,* 'for the plaintiffs.

*W. M. Randolph,* for the appellants. '

Martin, J.  The defendants who were sued on their acceptance of a bill of exchange, pleaded the general issue, but admitted their signature.  They, however, denied the existence of the plaintiffs as a corporation.  There was judgment against them, and they have appealed.  The case is before us on a bill of exceptions to the introduction :

*First.*  Of an act of the Legislature of the State of Pennsylvania, of the 28th of March, 1823, entitled " an act to extend the charter of the Philadelphia Bank ;" on the ground that the act of incorporation ought to have been produced, and that the said act had not the proof to give it the force and effect of law.

*Second.*  Of another act of the same Legislature, approved the 1st of April, 1836, entitled " an act to extend the charter of the Philadelphia Bank."  This act was objected to on the same grounds as the preceeding.

*Third.*  Of an act of the same Legislature, approved the 25th day of March, 1824, entitled " an act to re-charter certain banks." This act was objected to on the last of the grounds aforesaid.

*Fourth.*  Of an extract of the executive minutes of the commonwealth of Pennsylvania, attesting the notification of the acceptance of the Philadelphia Bank, of the act of 1836.  This extract was objected to on the grounds, that there was no evidence that the person certifying the same, was the keeper of said records, or minutes, nor that his attestation was in due form ; and, that the actual acceptance of the extension of their charter by the Bank, would have been better evidence.

*Fifth.*  Of the testimony of a witness, offered to prove the existence of the corporation, establishing his correspondence with the plaintiffs as late as the year 1839, as being inferior and secondary to the act of incorporation.

It does not appear to us that the court erred.  The acts extending the charter, certainly prove that it was originally granted.  All the acts are proved by the certificate of the Governor of the commonwealth, under the great seal of the State ; that the person who attests the acts is Secretary of State and that his attestations are in due form.  The executive minutes, are certified by

the Secretary of State, under his seal of office, as carefully transcribed and compared with the records in his possession. The proof of the acceptance of the extension of the charter by the Bank, results from the evidence of notice thereof having been given by the President of the Bank to the Governor, as shown by the extracts from the executive minutes ; and the testimony of the witness, who corresponded with the Bank, in the year 1839, establishes that it was then in operation, and is cumulative evidence of the acceptance of the extension of the charter.

On the merits, the defendants admitted their acceptance of the bill of which the plaintiff is holder.

*Judgment affirmed.*