## SUPREME. COURT.

### WITBECK, JR., agt. WAINE.

An application for a re-settlement of a bill of exceptions must be made to a Justice of the Supreme Court, at special term, notwithstanding an appeal is pending in the Court of Appeals; and it is not necessary to apply first to the Court of Appeals, to have the cause remitted to the Supreme Court, before making such application.

*Albany General Term*, 1853. Before Justices PARKER, WRIGHT, and HARRIS.

An appeal was taken to the Court of Appeals from a judgment rendered in the Supreme Court. An error having been committed in turning the case into a bill of exceptions, and in settling the same, a motion was made in the Supreme Court, at special term, before Justice PARKER, for an order directing a re-settlement of the bill of exceptions. The motion was resisted on the ground that the cause was then pending in the Court of Appeals, and that the Supreme Court had no jurisdiction to order a re-settlement of the bill of exceptions, until the Court of Appeals had remitted the cause to the Supreme Court, for that purpose.

The justice overruled the objection and ordered a re-settlement, and the defendant appealed from the order to the general term.

J. K. PORTER, *for Defendant*.

L. TREMAIN, *for Plaintiff*.

*Per Curiam.*—The Supreme Court had full power to order a re-settlement, and it was not necessary to first apply to the Court of Appeals to remit the record to the Supreme Court. Ren agt. Barber, (2 *Cowen*, 408;) Lyslie agt. Sniffin, (3 *How. Pr. R.*, 250.)

Order at special term affirmed, with $10 costs.