ALFRED BIRGE, plaintiff in error, *v.* THE PEOPLE, defendants
in error.

The judges of a Court of Oyer and Terminer have no power to settle and sign
a bill of exceptions after a final adjournment of such court.
Where, after the adjournment of a Court of Oyer and Terminer, a bill of excep-
tions in a criminal case which had been tried at such court, was settled by
the justice of the Supreme Court, who had presided on the trial, and was
afterward signed by such justice, and also by the two justices of the Sessions,
who sat with him on the trial, and was filed more than ten days after such
adjournment, and was afterward returned as part of the record on a writ of
error, this court, on motion by the District Attorney, ordered the bill of excep-
tions to be struck from the record.

MOTION by the District Attorney of Otsego county, to
dismiss writ of error, and strike the bill of exceptions from
the return or record in this cause. The prisoner was con-
victed of forgery in the second degree, and sentenced to
the state prison at Auburn, for the term of six years, at a
Court of Oyer and Terminer, held in Otsego county, on the
first day of July, 1859. Exceptions were taken on the trial

by the prisoner's counsel, but were not settled or signed during the sitting of the court. After the court was adjourned *sine die*, the prisoner's counsel made a bill of exceptions, and served a copy on the District Attorney, who proposed amendments thereto, but under a protest that the right to make a bill of exceptions, or have the same settled, was gone when the court adjourned. The exceptions were afterward settled by the justice of the Supreme Court, who presided on the trial; and the bill was signed by him, and the two justices of the Sessions, who formed part of the court on the trial; but the county judge, who was a member of the Oyer and Terminer, and on the bench during the trial, refused to sign the bill. The District Attorney objected to the bill being settled or signed out of court, and the same was settled and signed under his protest. The bill was filed, and a writ of error was issued out of this court to the Oyer and Terminer; and the writ and a copy of the record, including the bill of exceptions, was returned to this court, and then the above mentioned motion was made.

*A. Becker*, for plaintiff in error.

*E. Countryman* (District Attorney), for defendants in error.

BALCOM, J. I did not understand when I settled the bill of exceptions in this case, that any objection was made on the ground that I should go to Cooperstown and have the other members of the Oyer and Terminer present on the settlement of the bill. I supposed the only ground of objection was, that the prisoner's counsel had no right to make a bill of exceptions, and have the same settled, *after* the adjournment of the Oyer and Terminer without day; and I shall examine the questions now raised, on the supposition that this was the only objection taken to the settlement or signing of the bill.

If there was no statute or rule authorizing the settlement of cases and exceptions in civil actions, subsequent to the adjournment of the Circuit Court, the same could not be settled after the final adjournment of that court, unless otherwise ordered. The law is the same in regard to criminal actions;

Birge *v.* The People.

and there is no statute or rule that authorizes the settlement of bills of exceptions in such actions after the final adjournment of the courts wherein they are tried. The practice always has been, so far as my knowledge extends, to have bills of exceptions settled and signed in criminal cases before the final adjournment of the courts in which they are tried.

The statute authorizing exceptions in criminal cases is as follows : " On the trial of any indictment, exceptions to any decision of the court may be made by the defendant, in the same cases and manner provided by law in civil cases; and a bill thereof shall be settled, signed and sealed, and shall be filed with the clerk of the court, and returned upon a writ of error, as now authorized in personal actions, or upon a *certiorari*, as hereinafter provided, and the same proceedings may be had to compel the signing and sealing of such bill and the return thereof." (2 *R. S.*, 736, § 21.)

This statute does not require the prisoner's counsel to serve a copy of his proposed bill of exceptions on the District Attorney, or authorize the latter to serve amendments thereto. It seems to contemplate that the bill shall be settled and signed in the presence of the prisoner, or his counsel, and the District Attorney, at the conclusion of the trial, or at least before the final adjournment of the court. What is said in section 23 (2 *R. S.*, 736), in regard to staying judgment on the indictment, supports this conclusion; for there can be no stay of judgment until the bill of exceptions is settled and filed with the clerk. And when judgment is stayed, it is " the duty of the District Attorney of the county *immediately* to sue out a writ of *certiorari*, returnable in the Supreme Court." (2 *R. S.*, 736, § 27.) Provision is also made when the prisoner sues out a writ of error for having the case heard as soon as practicable. (2 *R. S.*, 740 and 741.) All the statutes applicable to the review of criminal cases denote speed; delays are guarded against, and speedy justice seems to have been contemplated by the legislature.

If bills of exceptions in criminal cases can be made and settled after the final adjournments of the courts wherein they

are tried, then the different members of such courts must convene at the court house where the trials have been had, or at some other place, for the settlement of each bill; for it seems the presiding judge cannot settle such bills alone; the other members of such courts have a voice in the business. (See *Clarke* v. *Dutcher*, 19 *Johns. R.*, 246.) If the members of such courts must reassemble for such purposes, who shall fix the time and place for them to meet or notify each one to attend? The legislature has made no provision on the subject, and there is no practice applicable to the question.

For the foregoing reasons, I am of the opinion the judges of a Court of Oyer and Terminer are not authorized to settle a bill of exceptions after the final adjournment of such court. This conclusion is in harmony with the decision of this court, made at a general term in the first district, in *The People* v. *Appo* (18 *How. Pr. R.*, 350), where it was held that all the powers of a Court of Oyer and Terminer terminate when it adjourns *sine die*.

It follows that the bill of exceptions in this case could not be settled and signed after the final adjournment of the court wherein the exceptions were taken, and that the bill is improperly in the return to the writ of error, and must be struck out. The writ of error, however, cannot be dismissed; for it is a writ of right. (2 *R. S.*, 740, § 15.) The prisoner has the right to have it retained, although there will be no bill of exceptions in the record.

I will remark, further, that I do not regret, coming to the conclusion in this case, that the bill of exceptions must be expunged from the record, for the reason that no intimation was made, prior to the final adjournment of the Oyer and Terminer, at which the prisoner was convicted, of any desire or intention to make a bill of exceptions, and I am well satisfied the prisoner was guilty of the crime of which he was convicted.

MASON, J. This writ of error must be quashed, and the bill of exceptions set aside, for the reason that the writ of error

Birge *v.* The People.

was improvidently allowed, and the bill illegally settled. The bill of exceptions must be settled by the Court of Oyer and Terminer as a court. It cannot be settled by the circuit judge who presides in the Oyer and Terminer. And if we assume that the bill can be settled by the Court of Oyer and Terminer, convened in vacation (which I very much doubt), it does not help the case, for the bill was settled by the presiding judge alone in the absence of his associates, and was then presented to the other justices, and signed by them. This was clearly unauthorized. The principle settled in *Clarke* v. *Dutcher* (19 *Johns. R.*, 236), is decisive of this question. In this case, the bill of exceptions was presented to the judges of the Court of Common Pleas, individually, out of court, and was signed and sealed by them separately, and this court held the bill of exceptions irregular, and that it should be settled by all the judges, sitting together as a court. The court say, " separately and individually, they cannot act judicially as a court. This it seems to me is too plain a proposition to require the citation of authorities to establish." The doctrine of the common law is, that when a power, authority or duty involving the exercise of judgment and discretion, is confided by law, to three or more persons, or whenever three or more officers are authorized, or required by law to perform any act, such act may be done, and such power, authority or duty may be exercised and performed by a majority of such persons or officers, upon a meeting, and consultation of all. All must meet and confer, or the act is invalid (4 *Denio R.*, 125 ; 21 *Wend. R.*, 211 ; 23 *Id.*, 324; *Cow. R.*, 328 ; 7 *Id.*, 526 ; 3 *Denio R.*, 252, 253), and this is statute law with us in this State. (2 *R. S.*, 555, § 27; see, also, *Keeler* v. *Frost & Worden*, 22 *Barb. R.*, 400.) The common law practice required the bill of exceptions to be presented during the term at which the trial took place. (9 *Johns. R.*, 346.) There is nothing in the statute which would interfere with the elementary common law doctrine, that the court as a court must settle the bill of exceptions. It remains to consider the question whether, under the statute, the judges of the Oyer and Terminer can

convene as a court in vacation, and settle the bill. The statute is as follows: "On the trial of any indictment, exceptions to any decision of the court, may be made by the defendant in the same cases and manner provided by law in' civil cases; and a bill thereof shall be settled, signed and sealed, and shall be filed with the clerk of the court, and returned upon a writ of error, as now authorized in personal actions, or upon certiorari, as hereinafter provided, and the same proceedings may be had to compel the signing and sealing such bill, and the return thereof. (2 *R. S.*, 736, § 21.) There is nothing in this statute determining the manner in which the bill of exceptions shall be settled by the court. The first paragraph declares that exceptions may be made by the defendant in the same cases and manner provided by law in civil cases. This refers solely to the cases in which the defendant may take exceptions, and the manner in which it shall be done upon the trial, and has no reference to the settlement and sealing the bill. The next paragraph declares that the bill shall be settled, signed and sealed, and filed with the clerk, and the section is silent as to how and when it shall be settled, and the next paragraph declares that the bill shall be returned upon a writ of error, as now authorized in personal actions, or upon a certiorari, as hereinafter provided. This certainly has no reference to the mode and manner of settling the bill of exceptions. I am of opinion, for the reasons stated, that the bill of exceptions upon criminal trials are not to be settled as in civil actions. That the statutes in regard to bills of exceptions in civil actions have no application to the manner of drafting the bill of exceptions, or of the settlement thereof.

But suppose we are wrong in this construction of the statute, and that the statute in regard to exceptions in civil actions is to control; I do not see how it can help the case in the least. The statute provides that in all cases where exceptions are allowed by law on the trial of any cause, either party may make such exception at the time the decision complained of is made, or if such exception be made to the charge given to the jury, it shall be made before the jury shall have delivered

their verdict (2 *R. S.*, 423, § 74); and the next section provides that such exception shall be in writing, but that the court may allow such time as shall be deemed reasonable to settle and reduce the same to form. (§ 75.) The court made no order, in the case before us, giving any such time, and there is no time in such a case, unless the rules of the Supreme Court in civil actions are to be deemed to apply. The rule of the court was, at the time of the passage of this statute, that a case or bill of exceptions must be made and served within four days, while the present rule gives ten days. The question arises, then, whether the four day or the ten day rule shall control. If the change of the rules of the court in civil actions controls the criminal practice, then defendant had ten days, and served his bill in time. But it may well be doubted whether such is the rule. If the new rule is to control, I do not see how it can relieve the defendant from the effect of the present rule 37, which declares that when a party makes exceptions, he shall procure the same to be filed within ten days after the same shall be settled, or he shall be deemed to have abandoned the exceptions. This bill of exceptions was not filed until several months after the bill was settled, and the defendant must therefore be deemed to have abandoned his exceptions.

My own opinion of the case is, that the exceptions must be settled by the court that tries the indictment, and before it adjourns, for the reason that the Court of Oyer and Terminer is not a continuing court, and that all its powers as a court terminate with the adjournment. This was expressly held, in the general term in the first district, in the case of *The People* v. *Appo* (18 *How. Pr. R.*, 350); and the practice of this court is, where a bill of exceptions is settled and signed in this irregular way, to set aside the bill as improvidently signed. (*Shepherd* v. *White*, 3 *Cow. R.*, 32.) I advise that the bill of exceptions in this case be set aside and the writ of error quashed, for the reasons stated.

Ordered that the bill of exceptions be struck from the record.