ALBERT PRIEST, Respondent, v. RODMAN M. PRICE, Appellant.

If a party deems it necessary to have a fact found one way or the other, he must apply to the Supreme Court to compel such a finding.

A refusal to find one way or the other, and an exception to such refusal, presents no point for review in this court.

APPEAL from the judgment of the Supreme Court at General Term, affirming the judgment of the court entered upon the report of a referee in favor of the plaintiff.

The plaintiff brought this action to recover back the sum of $1,929.38 paid to the defendant, as the assumed owner or agent of the owner of the following instrument:

"Exchange for $5,000.          NEW YORK, Oct. 9, 1859.

"Thirty days after sight of this first of exchange (second and third unpaid) pay to the order of Messrs. Ward & Price $5,000, payable in gold-dust at $16 per ounce, value received, and charge the same to account.

                    (Signed)          "ALBERT PRIEST.
(Addressed)
"To HENRY NAGLE, Esq.,
          "San Francisco, California."

Ward & Price, the latter of whom is the defendant in this action, sold and transferred this instrument to Ambrose Lanfear, upon an argreement by the latter to accept a draft upon Lanfear at his house in New Orleans for the proceeds. Lanfear gave the draft in suit to Ward & Price to send to California for collection, and Ward & Price sent it to their correspondents at San Francisco, California, Messrs. Goddefroy, Tillen & Co.

The referee found as facts in the case, that Ambrose Lanfear was the owner of the instrument, that it was not paid at maturity, and was duly protested for non-payment and notice of protest given to the plaintiff as drawer; that the plaintiff, on the 15th day of January, 1851, paid thereon $2,283.75, and on the 12th of April, 1851, $1,000; that on the 27th of September, 1851, the defendant applied to the agent of the plaintiff at San Francisco, and demanded payment of the

balance, representing that he was the holder and entitled to it ; that the plaintiff was ignorant of the fact that it had been transferred to Lanfear, and, relying upon the representation of the defendant that it belonged to him, paid him the balance, which the defendant retained in his hands ; and that subsequently Lanfear sued the plaintiff on the said instrument and recovered the balance of him; and, as a matter of law, the referee held that the plaintiff was entitled to recover back what he had paid to the defendant.    Certain exceptions were taken on the trial and to the report of the referee, which sufficiently appear in the opinion of the court.

*Cummings, Anderson & Green*, for the appellant.

*Henry A. Cram*, and *E. R. Robinson*, for the respondent.

MORGAN, J.   Upon the undisputed facts of this case, the defendant, not being the owner of the demand, received of the plaintiff the balance appearing to be due upon the instrument set forth in the complaint, without any right unless he was the agent of the owner, and if he was such agent he received it without paying it over to the owner, as it was his duty to do, in consequence of which Lanfear, the owner, brought an action against the plaintiff and recovered the same balance of him.    There is no equity in the defense, and no principle of law upon which the defendant can be allowed to retain the money.

There were, however, certain exceptions taken on the trial which I will briefly notice.   The majority of these exceptions raise only questions of fact, which are not open to review in this court.

The exceptions in matters of law against the report of the referee, are the following :

1.  Because the referee found that the instrument was in the nature of a bill of exchange.

2.  Because he did not find that it was not a bill of exchange and was not negotiable.

3.  Because he did not find that the defendant, as payee, had a right to receive the money.

4. Because he did not find that the payment by plaintiff to Ward & Price did not discharge his liability to Lanfear.

5. Because the referee found that the defendant had no authority to demand payment of the plaintiff.

Now, whether the instrument was negotiable or not, it was the subject of a transfer by sale to Lanfear, and entitled him to the money due upon it. The payees had no more right to collect it for themselves after the transfer, than they would have had if it had been a regular bill of exchange. The question raised by the exception is wholly immaterial.

As to the authority of the defendant to demand the balance due on the instrument, there is no finding upon which to base the exception. It appears by the report of the referee that the defendant was not the owner of the demand, having sold and transferred it to Lanfear, and that he obtained the money under pretense that he was the owner. The question of agency, therefore, does not arise. The other exceptions fall with those already considered. There is some evidence that Lanfear drew a draft upon *Ward & Price* for this balance, and that they accepted it, which is still outstanding and unpaid, Ward & Price having failed. It is now claimed that this was a payment and that the debt was thereby extinguished, there being no evidence that the draft has been returned to the drawees. But the referee has not found the fact which this evidence tended to prove. There is, however, an exception taken by the defendant's counsel to the report of the referee, because it does not find the fact as claimed. It is a sufficient answer to say that we cannot review the case except upon the facts actually found by the referee. If a party deems it necessary to have a fact found one way or the other, he must apply to the Supreme Court to compel such a finding. A refusal to find one way or the other, and an exception to such refusal, presents no point for review in this court.

The judgment should be affirmed with ten per cent damages, besides costs.

All the judges concurring,

Judgment affirmed.