# N. Y. SUPERIOR COURT.

## James F. Trufant agt. John E. Merrill and another.

Where an action between partners, is brought for a dissolution of the copartnership, and the defendants, on application for a receiver, are permitted in lieu thereof to give their own bond pending the litigation conditioned to manage and take care of the property and to account, &c: On report of the referee appointed in the action finding that the plaintiff is entitled to judgment dissolving the copartnership:

*Held*, that the assets must go to pay debts, and the surplus, if any, to the respective parties. It is necessary, therefore, to convert the assets into money, and the usual mode to do that is through a *receiver*. Upon his appointment the assets must go into his possession and the condition of the defendants' bond will be satisfied.

In the condition of the action, the referee could not *state the accounts;* and it was proper to leave that to be done on the coming in of the receivers account, showing the amount to be distributed.

A referee, who has made his decision and submitted his report, becomes *functus officio*, and cannot again act without being set in motion by the court.

*General Term, June,* 1869.

This action was to obtain a dissolution of the copartnership of the plaintiff and defendants, and a distribution of the partnership assets. Pending the action, the defendants, on an application for the appointment of a receiver, were allowed, in lieu thereof, to give a bond conditioned that they should manage and take care of the property of the firm during the action and render a true and faithful account thereof whenever required by the court, and should pay and deliver to the parties who might be adjudged to be entitled thereto all such property as the court might order to be paid and delivered. A referee was appointed to hear and determine all the issues. In his report and decision he found that the plaintiff was entitled to judgment dissolving the partnership, but that he could not state the accounts between the parties, for the reason that there was no evidence as to what proportion of the debts would prove good and collectable, or of the value of the lease or of the good will of the business; and he directed that a receiver be appointed

to take possession of the assets of the firm and dispose of the same; and after paying the debts to retain the remainder, subject to the further order of the court.

On the 4th of May, 1869, an order was made to show cause why judgment should not be entered on the referee's report, and a receiver appointed. On the 10th of May, another order was made to show cause why the referee's report should not be sent back to the referee, with directions to determine all the issues.

On the hearing upon such last-mentioned order, it was ordered that it be sent to a different referee to take and state the accounts.

From this order the plaintifl appealed.

T. B. ELDRIDGE, *for appellant.*
R. H. CHANNING, *for respondents.*

*By the court,* MONELL, J. The motion was merely that the report be sent back to the referee who made it, with directions to decide all the issues. It was probably supposed that he was bound to state the accounts between the parties, and that until he did so he had not determined all the issues. If that view was correct, the order substituting or appointing a new referee should not be reversed, merely on the ground that no reason was assigned for the change, or that it was giving more than the moving party asked for. The referee first appointed, having made his decision, became *functus officio,* and could not again act without being set in motion by the court; and it was not, therefore, incompetent for the court to appoint a new referee.

But I am of opinion that it was not necesary, and therefore not proper, to either send the report back or to appoint a referee in the present state of the action, to take the account between the parties.

The assets of the firm, consisting of debts due, the lease

of Washington Hotel, and the good will of the business, were in the possession or under the control of the defendants, and until they were accounted for, or disposed of, could not be made available to the plaintiff; nor could the referee ascertain their value, or give any direction for their distribution. The bond given by the defendants, in lieu of a receiver, authorized a retention of the partnership property only during the pendency of the action. Upon adjudging the partnership dissolved, the assets must go to pay debts, and the surplus, if any, to the respective parties. Therefore, it is necessary to convert the assets into money, and the usual mode is to do that through a receiver. Upon his appointment the assets must go into his possession, and the conditions of the defendants' bond will be satisfied.

In the condition of this action, therefore, the referee could not state the accounts; and it was proper to leave that to be done on the coming in of the receiver's account, showing the amount to be distributed.

Had the action been tried by a justice of the court, he would, after adjudging the partnership dissolved, have appointed a receiver, with directions to dispose of the assets, and report the surplus to the court, to the end that a referee might then state the accounts between the parties, and the court direct the distribution. Such a course of proceeding would be regular. The referee, in this case, has not done otherwise, and the order appealed from was premature, and should not have been made.

The order should be *reversed*, with costs to the appellant to abide the final disposition of the subject of costs in the action.

JONES and FREEDMAN, JJ., concurred.

Order reversed.