PATRICK PHELAN and STEPHEN SHANAHAN, Respondents, *v.* THE ALBANY AND SUSQUEHANNA RAILROAD COMPANY, Appellant.

(GENERAL TERM, THIRD DISTRICT, SEPTEMBER, 1869.)

A contract with a railroad company for the performance of labor, &c., upon its road, in the construction thereof, by which the contractor agrees to abide by the opinion of an engineer in such company's employ, as to the adequacy of his labors to accomplish the contract work within a specified time, and upon notice from such engineer, that he will make the exertions and arrangements, necessary in the latter's opinion, to compensate for previous neglect and to insure fulfillment, as stipulated; and for failure so to do that the contract shall, at the option of the company,

be at an end, and·that he will be liable for damages or expenses incurred on account of his neglect, and will surrender possession of the road &c. ; and, also, further providing that in case of failure to fulfill, he will forfeit, as a penalty, a percentage of the price of services, &c., rendered, to be retained by the company from amounts becoming due for such services, &c., until completion of the contract; and that no sums due over and above such percentage shall be paid until completion of the contract, and that such sums shall be appropriated to expenses incurred, if any, by the company, in obtaining completion of the contract beyond the expense provided for therein; although it is to be very liberally construed as severe and highly penal, will if fairly made be fairly enforced.

So held in an action upon the contract for the price of services, &c., earned by the plaintiffs as assignees of the original contractors.

APPEAL from a judgment for the plaintiffs, entered on the report of a referee.

A firm of Brintnall & Richmond contracted, with the defendant, to perform labor and furnish materials therefor, in the construction of a section of its road, at prices named in the contract which was in writing, and with other provisions contained the following:

"Should the contractors at any time, after sixty days from the beginning of the contract, not be found to proceed with all or any section of his work in such a manner as to secure, in the opinion of the engineer, the entire completion of the work on said section or sections within the time allowed by this contract, it shall be the duty of the engineer so to notify him; and should he not then, within ten days from the date of the said communication, make the necessary exertions and arrangements to compensate, in the opinion of the engineer, for previous negligence or inactivity, and to insure the fulfillment in due season of his contract, the engineer shall notify the contractors and also the said railroad company to that effect, and the contract may then, in the option of the said company, be declared and considered null and void; and the second parties shall, in such case, be at liberty to employ other persons to fulfill the contract and finish all or any parts of the work of graduation, masonry, or otherwise, on said section or sections, and the first party shall be liable for any damage or for any expense caused by his neglect to fulfill his engagements."

It was further agreed that, on receiving the above mentioned final notice from the engineer, and also a written declaration from the second parties, they thereupon consider the particular section or sections of work referred to by the engineer as abandoned, and the contract for said work null and void, they will give up and surrender to the engineer the road, &c.

It was also provided that, " in case of failure to fulfil the contract, the percentage which has been retained is hereby declared to be forfeited, as a penalty incurred in consequence of said failure; and no moneys which may be due the contractors over and above that percentage shall be paid until the contract is completed; and should the employment of other persons increase the cost of the work, such moneys shall be applied toward that additional cost; provided, that this penalty shall not be enforced excepting only when the contract for any section or sections is declared by the engineer to be forfeited and annulled, &c."

Payments were to be made on such contract monthly as the work advanced, upon the estimate of the engineer, with a reservation of twenty-five per cent by the company, until the completion of the contract.

The defendants agreed to pay for the work done, in case the contractors fully and faithfully performed on their part.

The work had been partly done, and the time for the performance of the contract had been extended, when the contractors assigned their interest therein to the plaintiffs, who before October 15, 1860, went to work upon the section, and furnished materials therefor; and the defendant opened with them an account upon their books, and recognized them as the parties who were to perform the work.

In December, 1860, the defendant's engineer, as provided in the contract, notified the plaintiffs, and also their assignors, that they were not proceeding with the work in such manner as to secure its completion, &c. No efforts were made to hasten the work; and on the 14th March, the engineer gave notice of the neglect to the plaintiffs, their assignors, and the

defendants, as further provided by the contract; and on the 18th of the same month, the defendants took formal action, declaring the contract thereafter of no effect, and on the same day, the engineer notified the plaintiffs and said assignors of such action.   The plaintiffs did not object to quiting work, nor insist on completing it.   The defendants secured the balance of the work to be done by other contractors, at an expense of $4,675 above what it would have cost if completed according to the former contract prices.   At the time the defendants left work, there was due to them for services $455.27, for which sum with interest the referee, reported in their favor.

*N. C. Moak*, for the appellants.

*J. H. Reynolds*, for the respondents.

Present—INGALLS, HOGEBOOM and PECKHAM, JJ.

By the Court—PECKHAM, J.   The full statement of this case is its own argument.   The plaintiffs, as assignees of a contract with defendant, agreed to do certain things, in a certain time, and to proceed with the work in a certain manner. If they failed so to proceed, the contract, after prescribed notice, might be declared void by the defendant.   It was further provided, that if any money was due the plaintiffs when the contract should be declared void, that no part thereof should be paid until the contract should be completed; and if, in completing the work, the cost thereof should be increased over the contract price, then the sum so due, should be applied to the payment of such increase.

The plaintiffs did not perform this contract; confessedly failed.   It was declared abandoned and void.   This was acquiesced in by the plaintiffs.   The contract was then completed by defendant, at a cost beyond the contract price, largely exceeding the amount due the plaintiffs when the contract was declared void.   Then, by the plain, clear terms of the contract, the plaintiffs had no right of action.

It is insisted that the report is right, because the sum

Phelan *v.* Albany & Susquehanna R. R. Co.

reported due, appeared, by the defendant's books to be due to the plaintiffs.

That sum was due to them when the contract was declared void; that is, there was that balance in their favor at that time.

But they were bound to fulfil, or, when the time for fulfillment had expired, and there had been no extension and no completion there could be no recovery.

Further, in this case, it was expressly provided that this balance should be applied to the payment of any excess of cost in completing the contract over the contract price.

The amount of the balance was some $400, and the amount expended by defendant to complete the contract, over and in excess of the contract price, was over $4,000

It is also insisted that the defendant waived the forfeiture of the contract and the benefit of its provisions by paying money after the forfeiture had occurred. But the defendant paid no money on the contract after it was declared void, even if that would, under the circumstances of this case, revive its provisions. Had the defendant paid money on the contact after it was declared void, and the plaintiffs had then insisted upon going on with and completing the contract, it would have presented a very different case, but no such case is heie.

The plaintiffs also urge that this contract is very severe and highly penal, and should be very liberally construed with a view to right and justice. To such a construction we agree. But we cannot adopt a construction that nullifies its provisions, as the plaintiffs' counsel does not claim or pretend that the contract is void or invalid in any of its provisions.

If fairly made (and there is no pretense to the contrary), it must be fairly enforced. There is abundant authority for upholding such contracts, if any were needed. (*Hennessey* v. *Farrell*, 4 Cush., 267; *Faunce* v. *Burke*, 16 Penn. State R.; 4 Harris, 478, 479.)

As to the non-performance of the whole contract defeating a recovery, see *Smith* v. *Brady* (17 N. Y., 173).

Judgment reversed and a new trial ordered, costs to abide the event.