# CASES ADJUDGED

IN THE

# SUPREME COURT

OF THE

# STATE OF NEW YORK.

---

THE PEOPLE, &c., Respondents, *v.* WALTER S. CHURCH and others, Appellants, impleaded with The Albany and Susquehanna Railroad Company.

(GENERAL TERM, FOURTH DEPARTMENT, JUNE, 1870.)

After trial of an action by the court, the successful party, unless by express direction, or special agreement, is not required to submit a draft of the judgment, before entry thereof, to the adverse party, or have it settled upon notice.

*Semble*, That upon a motion to set aside, or modify a judgment, on the ground that no notice was given of its settlement, its entry, in some material particular, otherwise than in accordance with the findings of law, or fact, must be pointed out.

A motion to set aside a judgment, is not the proper remedy for an omission to find a fact, supported by the evidence.

*Semble*, That if the fact is established by uncontroverted evidence, the remedy is by appeal.

And that when the evidence upon the fact is conflicting, the course is to deliver to the judge, when the case is presented for settlement, a request to find the desired facts and conclusions of law, and that exception lies for his refusal.

Where the decision after a trial by the court, provided for a decree, among other things, directing a delivery by the receiver appointed in the action, of the property in controversy, to certain of the defendants, and the decree had been entered pursuant to the decision.—*Held*, that assuming

the judgment to be still incomplete, so that no appeal could be taken thereon, and that so much of the decree as directed such delivery was in the nature of an interlocutory order, an appeal would lie therefrom, as such, and proceedings taken in pursuance of the same, could not be set aside on motion at Special Term.

An order, granted on affidavits showing a decision made in an action, but that judgment had not been entered thereon, and staying proceedings on "the decision," does not stay proceedings on the judgment, and if served after judgment entered, is *functus officio* when served.

After the entry of judgment in an action by the people, declaring the rights of certain defendants to the exclusion of others, to hold and exercise the office of directors of a railroad corporation, vacating a receivership, and directing delivery of the property of the corporation to the directors declared to be entitled, it seems an order staying "all proceedings upon the judgment until the entry of an order on a motion to set aside the judgment," does not stay proceedings to obtain possession from the receiver of the keys of the corporation safe and property.

An order granted upon order to show cause after service of such stay of proceedings, no steps having been taken under it, will not be set aside upon a general motion to set aside the judgment and proceedings taken thereupon.

Nor does an appeal and undertaking thereon stay such proceedings.

And it seems, in such a case, when the judgment is entered upon the direction of a single judge, in order to stay proceedings on the judgment, as to so much thereof at least as respects the delivery and taking possession of the property ordered to be delivered, security must be given as provided in sections 336 and 338 of the Code.

Nor would the court, as grounds for setting aside the proceedings, taken in the exercise of legal rights, inquire into the motives of the parties taking them.

It is not irregular for the judge, before whom a trial is had, to furnish the successful party with his findings before they are filed, or to permit the attorney for such party to draw up the proposed findings.

The practice in this respect stated and approved per TALCOTT, J.

A certificate and certain affidavits used on the motion below, held to be irrelevant and the affidavits scandalous, having been stricken out of the motion papers by the order appealed from.—*Held*, that the order, in this respect, should be affirmed.

APPEAL from an order refusing a motion to set aside a judgment entered under the decision of Mr. Justice E. DARWIN SMITH in this case, as rendered after trial before him at Special Term in Monroe county.*

* Vide 1 Lansing, 308.

*David Dudley Field*, for the appellant.

*G. H. Danforth*, for the respondent.

Present—MULLIN, P. J., and TALCOTT, J.

By the Court—TALCOTT, J. This is an appeal from an order made at a Special Term in Monroe county, denying a motion made by Messrs. Field and Shearman, as attorneys for Church and others, to set aside all proceedings taken upon the alleged judgment, entered 31st December, 1869, to require the receiver, Robert L. Banks to retake possession of the property of which he was originally made receiver, and the persons to whom he has surrendered it, to restore possession to him or some other receiver, and to vacate and set aside the alleged judgment, and the decision therein mentioned, as irregular; or in the alternative that so much of the motion be denied, then that the said alleged judgment be set aside, and the said decision and findings be sent back to the judge who tried the cause for re-examination and resettlement, and for other and further relief, etc.

It is not entirely certain, from the papers before us, in behalf of what parties the motion was made, as the notice of motion was given by Messrs. Field and Shearman, as attorneys for defendant Church and others, and nothing appears in the papers to show for what other defendants besides Church, Messrs. Field and Shearman had appeared as attorneys.

The appeal, however, was argued upon the assumption, on both sides, that the motion was made in behalf of the persons claiming to be the directors of the railroad company, who had assumed to elect Walter S. Church, Esq., as president, and who, on the argument, were, and herein for convenience will be, styled the Church directors, and was resisted by those claiming to be directors of the road company, who had assumed to elect Joseph H. Ramsey, Esq., as president, and who were, and will be, herein styled the Ramsey

The People *v.* Church.

directors. Both sets of directors, with the presidents by them respectively elected, were parties defendants to the suit. The appeal before us, as appears from the notice of appeal, was taken by the Church directors and one A. J. Phelps The complaint in the action is not among the papers submitted to us, and from the papers before us we are unable to discover the connection of Mr. Phelps with the case. But it was not claimed, upon the argument, that he had any interest or right other than such as was asserted in behalf of the Church directors. These rival sets of directors had been contending for the possession of the franchise and property of the road, and not only were a great variety of suits commenced and injunctions issued in the interest of these respective parties, but the public peace was seriously endangered, and even disturbed, by their controversies. Under these circumstances, the governor of the State, at the request of both parties to the controversy, and in the interests of public order, took, by his agents, temporary possession of the road and its property, and thereupon the attorney-general, upon the request of the governor, instituted this action, the main object of which was to determine whether either, and if either, then which, of the rival sets of directors had been lawfully chosen, and was entitled to the possession of the franchises and property of the railroad company. The action was tried before Mr. Justice E. DARWIN SMITH, at the Monroe Special Term, held on the 29th day of November, 1869. The said justice delivered an elaborate opinion in the case, which, it appears, was published in the Rochester morning papers of December 31, 1869 ; and on that day the findings of fact, and conclusions of law arrived at by the said justice, and stated by him in writing, were duly filed, and the judgment or order complained of was entered on the same day at two o'clock and thirty minutes P. M. By this judgment or order the Ramsey electors were declared to have been duly elected, and to be the lawful directors of the company. It was ordered that the people (the plaintiffs) and certain of the defendants recover their costs of the action against the Church

directors; that it be referred to Hon. SAMUEL L. SELDEN, to pass the accounts of the receiver, and to report what would be a proper extra allowance in the action, and to which of the defendants it should be paid; "to settle such other matters of detail as may be necessary to carry this judgment into effect;" and that the Ramsey directors be let into immediate possession of the property and effects of the road company, and that Mr. Banks, the receiver, transfer to them all the property and assets of the railroad company in his hands, retaining out of the moneys in his hands, as such receiver, his fees, expenses and charges, to be adjudged by the referee.

The Special Term which made the order, now appealed from, as a part of the order, directed the suppression of certain affidavits on both sides and a certain certificate used on the motion. The points insisted upon by the counsel for the appellants will, for convenience, be considered *seriatim* in the order in which they are presented by their brief.

1st. It is claimed that it was the duty of the successful party, after making a draft of their judgment, to submit it to the adverse party to propose amendments, and that the omission to do so renders the judgment irregular. We do not understand that the service of a draft of judgment, and the other proceedings referred to, is required by any present provision of law or rule of court, or has been usual under the present practice. Under the former practice of the Court of Chancery, it was customary, in cases where the decree was very special in its character, to serve a copy of the proposed decree upon the opposite party, with notice of settlement before the register. This practice apparently grew out of the fact that there was no other guide to the form of the decree than the mere minute of the decision or the opinion delivered by the court. In case the register did not understand the decision, he was, in that case only, to apply to the court for information. But it does not appear that it was the practice of that court to set aside a decree, merely upon the allegation that a draft had not been previously served, and a settlement made on notice. There were no specific findings of all

the facts or conclusions of law accessible to the register or the parties. As the Code now provides that the justice who tries the case shall give a decision in writing, which shall contain a statement of the facts found and the conclusions of law separately, and that "judgment upon the decision shall be entered accordingly," the reason for the former practice is, in a great measure, done away with, though something similar may be, and often is convenient under our present system. It is not unusual at present, when the judgment requires provisions of a special character, for the court, in its discretion, to order it to be settled before, not the clerk, but itself or one of its members. This is often done in the Supreme Court and sometimes in the Court of Appeals. An instance of the latter occurs in the case of *Schemerhorn* v. *Tallman* (14 N. Y., 94), where it was ordered that the judgment be settled before Judge SELDEN. Owing to the certainty which the clerk and attorneys may now arrive at, in regard to the decision of the court, touching all questions of fact and law intended to be decided by it, the former practice has been long since abandoned and the settlement of the form of a judgment upon notice, now takes place only by the express direction of the court, or by the special agreement of the parties. And it is necessary before a party can set aside or even modify a judgment for want of notice of settlement, to show that in some material particular to be pointed out it is entered otherwise than in accordance with the findings of fact or law as stated by the judge or referee.

2d. It is said this judgment should be set aside for what is called a mistrial, by reason of the omission of Mr. Justice SMITH to decide the issues which were in the case and contested on the trial. On this point it might be sufficient to say, that the appeal papers do not disclose to us the evidence in the cause, so that we are unable to see what was contested on the trial. But assuming the position of the counsel for the appellants to be well founded in fact, we are of the opinion that whatever may be the remedies to which a party may resort in case of the omission to find a fact supported by the

evidence and deemed material, a special motion to set aside the judgment for irregularity is not among them. According to a recent decision of the Court of Appeals, the remedy in case the fact is established by uncontroverted evidence is by appeal. (*Mason* v. *Lord*, 40 N. Y., 476.) Where the evidence is conflicting as to the fact, the omission to find which is complained of, the remedy is at the time the case is presented to the judge for settlement, to present and leave a request to find such facts and conclusions of law as he deems necessary to be found in order to protect the rights of the party, and it is the duty of the judge to pass upon such requests, and to find as requested or then refuse to find, so that the party may have the benefit of an exception to his refusal. Such we understand to be the construction of section 268 of the Code, which requires the judge on the settlement of the case to specify the facts found by him and his conclusions of law. The omission to find the alleged fact may have resulted from inadvertence on the part of the justice who tried the cause. On the other hand, it may have resulted from his having determined the fact against the party complaining of the omission, or he may have determined the fact to be immaterial in the case. In either of the two latter alternatives, a motion at Special Term would be simply a review of the decision of the Special Term which decided the cause, and a review of a judgment at Special Term cannot be had at another Special Term.

3d. It is claimed that no judgment has yet been perfected so as to be the subject of review on appeal. That until it becomes complete and final, it is not in a condition to be executed; and that all proceedings taken under it ought to be set aside. Conceding that this were as claimed by the counsel for the appellants, not a final judgment, but in the nature of a decretal order, or interlocutory decree, the proceedings under it which they ask to set aside, are simply the surrender of the property by the receiver and the taking of the possession by the Ramsey directors, we see no reason to doubt that the court may by order, in the nature of an interlocutory

decree, direct its receiver in the action to surrender the property in his possession, as such receiver, to some of the parties to the action, to another receiver, or even as has sometimes been done, to a third party claiming it. And whether such order be interlocutory or final, an appeal lies, to the General Term at least.

4th. It is next claimed that the proceedings taken under the judgment or order should be set aside, because they were taken in despite of the two orders to stay proceedings, made by Mr. Justice BARNARD, and of the appeal and undertaking.

The first order of Mr. Justice BARNARD was to stay all proceedings on the "decision" of Mr. Justice SMITH until the findings of fact and conclusions of law had been served upon all the parties, with notices of settlement, and that judgment be not entered until the settlement of such findings and conclusions, upon due notice of settlement to all the parties. This order appears to have been founded on the affidavit of Amasa A. Redfield, to the effect that he had learned that the justice had decided the cause adversely to the deponent; that deponent had received no formal notice of the findings of fact or conclusions of law as found by Justice SMITH, and that according to his belief no such findings of fact had been filed or judgment entered.

This seems to have been substantially the same application which had been previously made by Mr. Martindale to Mr. Justice SMITH on the same state of facts, and by him denied, which circumstance was not disclosed in the affidavit presented to Mr. Justice BARNARD, and was, perhaps, unknown to the attorney who made the application to the latter justice. (See rule 23.) However this may be, it is apparent on the face of Mr. Justice BARNARD's order that it was not intended to operate as a stay of proceedings after the judgment or order to be entered on Justice SMITH's decision; and as it was not served till after the entry of that judgment or order, it became *functus officio.*

A second order was made by Mr. Justice BARNARD staying all proceedings under the judgment, until the entry of an

order on the motion to set aside the judgment, not exceeding twenty days.    The act of the Ramsey directors in taking formal possession of the property occurred on the 31st of December, the order in question was not served upon any person till sometime on the first of January.    On that day proceedings were taken before Mr. Justice PECKHAM in Albany, on notice to the receiver apparently with a view of obtaining the possession of the key of the safe.    These proceedings before Mr. Justice PECKHAM, were instituted by an order to show cause founded upon affidavit, showing that the Ramsey directors had, the day before, taken possession of the office of the company, and by a formal resolution reciting the fact of the judgment, had assumed to take possession of all the property of the company.    That Mr. Banks the receiver declined to deliver the key of the safe, and the order was to show cause why he (the receiver) should not deliver all the keys of the company in his possession.    The proceedings before Mr. Justice PECKHAM, after hearing counsel for the receiver, resulted in an order made by that justice on the 1st of January, that the receiver should deliver over to Mr. Ramsey the keys of the safe and all the other property of the railroad company in his hands, and furthermore declaring that the orders of Mr. Justice BARNARD did not in any way affect the obligation and duty of the receiver to comply with the requirements of the judgment.    The appeal papers do not show that anything was done in pursuance of the order of Mr. Justice PECKHAM.    They do not show that the second order of Mr. Justice BARNARD was served before those proceedings were instituted, although it appears that the order to stay had been served on the receiver before the final order made by Justice PECKHAM.    There is nothing, therefore, to set aside except the final order made by Mr. Justice PECKHAM. It was held by Mr. Justice MASON in a case quite analogous, that a proceeding such as that before Mr. Justice PECKHAM, was not a proceeding upon the judgment. ( *Welch* v. *Cook*, 7 How. Prac. Rep., 282.)    There the application was for an order to deliver the books and papers belonging to the state treasurer.

If that decision be correct, it is obvious that the order of Mr. Justice BARNARD made in this action to stay proceedings on the judgment could not have the effect to stay the proceedings before Justice PECKHAM. And, at all events, we think the order of Mr. Justice PECKHAM could not be set aside except upon some direct proceedings to set it aside by motion, certiorari or otherwise. No act is shown to have been done under that order, and we do not feel called upon simply to set the order aside on this somewhat collateral motion, the notice of which does not refer to the order.

As to the claim that the proceedings were stayed by the appeal and undertaking, the decision of Mr. Justice MASON, that the proceeding is not a proceeding on the judgment equally applies; but, moreover, as appears from the papers before us, the appeal was from the entry *as a judgment*, and the only undertaking filed is for the costs and damages to be awarded against the appellants on the appeal. The judgment appealed from directed the delivery of a large amount of real and personal property. Section 348 of the Code provides, that an appeal from a judgment entered on the direction of a single judge of the same court does not stay the proceedings, unless security be given as on an appeal to the Court of Appeals. Therefore, to stay the proceedings on the appeal in this case, at least, so far as regarded the delivery and taking possession of the property ordered to be delivered, it was requisite that security should be given as provided in sections 336 and 338 of the Code. This was not done or attempted. It is stated that the proceedings of the Ramsey party were taken for the purpose of forestalling an appeal and stay of proceedings.

We cannot inquire into the motives of the parties, but only whether they have been exercising their legal rights.

Under this point it is claimed, that it is irregular for the judge to furnish the successful party with his findings before they are filed, or to permit the attorney for the successful party to draw up the proposed findings.

We think, on the contrary, this will be found to have been

The People *v.* Church.

the usual practice.   Sometimes the counsel for the respective parties submit, at the time of the summing up, the form of the findings and conclusions of law which they respectively claim should be arrived at in the case.   And where this is not done formally and in writing it is supposed that the arguments of the counsel have been addressed to the question of what conclusions of fact and law ought to be found and stated upon the evidence.   And we think it has been quite usual in practice, especially in cases where the findings are long, for the justice who tried the case to furnish the attorney of the successful party with a brief minute of his decision, and request him to prepare in form the statement of the findings of fact and conclusions of law; and where these have been submitted and altered and amended, according to the actual decision of the judge, the latter often, instead of going or sending them to the clerk's office, personally delivers them to the attorney to be filed.   Sometimes the justice is in one place, the attorney for the successful party in another, and the clerk's office in a third.   And in such cases it has not been unusual for the justice to send the findings, when signed, by mail to the attorney for the successful party, to be filed. and certainly, in most cases, without any communication to the unsuccessful party.

In fact, the decision of the judge, as to drawing up, delivery and filing, has in practice, been treated in the same manner as the report of a referee, and for the same reasons. We are not aware that complaint has ever been made, that a referee did not file his report personally, that it was drawn up by the successful party, or that it was not communicated, before filing, to the opposite party, and we see no reason for a difference of practice in the two cases.

The sixth, and last point made by the appellants, relates to the suppression on the motion below of the certificate and affidavits.

This was a motion to set aside the judgment, or order for irregularity.   The certificate was to the effect, that the opinion of Mr. Justice Smith, delivered in the case, was

erroneous. Obviously, this had no bearing on the question of the regularity of the judgment. It is equally clear, that the affidavits touching what transpired in the interview between Mr. Martindale and the justice, at the house of the latter, and again when the order to stay proceedings was moved for and denied, had no relevancy to the question.

Matters set forth in papers presented to the court, or filed, which are not material to the decision, are impertinent, and, if reproachful, are scandalous. (1 Barbour's Chy. Prac., 202.)

This certificate, and the affidavits in question being irrelevant, were impertinent. And the affidavits tending to impute to the justice, vacillation of purpose or opinion, and to the counsel for the Church directors, great infirmity of temper were also scandalous.

In such case, affidavits and other papers, on a motion, may be suppressed by the court on inspection. (1 Barbour Ch. Prac., 574.) We are of the opinion that the order appealed from should be affirmed with ten dollars costs, and order accordingly.

Order affirmed.

The order appealed from, having been made by Mr. Justice JOHNSON, he did not sit on the hearing of the appeal.

------

GEORGE W. BELDEN, Administrator, &c., Respondent, *v.*
ELLIOTT MEEKER, impleaded, &c., Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, JUNE, 1870.)

To maintain his action as administrator, the plaintiff proved letters of administration in which his intestate's decease, and residence immediately prior thereto in the county of the surrogate from whom the letters issued, were recited.—*Held,* that there was *prima facie* evidence of the facts so recited.

Proof that the intestate did business and had an office in the county, is, it seems, presumptive evidence that he resided there at his decease.

An assignment of a bond and mortgage, and " the moneys due and to grow