WOOD, plaintiff in error, v. PEOPLE.

*Trial — exceptions at criminal trial must be settled by same court before adjournment — Indictment — variance — one good count will sustain conviction — Evidence — judicial notice.*

Plaintiff was tried and convicted upon an indictment for perjury before the court of sessions of W. county, held by the county judge of S. county, and two justices. Afterward a bill of exceptions was settled by the court of sessions of W. county held by the county judge of W. county and two justices, neither of whom sat at the former trial; and the last court was not a continuation of the former one. *Held,* that such settlement was unwarranted, and a writ of error brought up for review only the judgment record. The same court which tries a criminal must settle the bill of exceptions, and the settlement must take place before the final adjournment of such court.

The indictment charged the perjury to be committed in the village of S., and stated the court at which it was committed to have been held in the town of K. (in which the village of S. is situated). *Held,* (1) that it was sufficient that it was charged that it was committed in the county of W., and (2) that the courts would take judicial cognizance that the village of S. was situate in the town of K.

Wood v. People.

The oath was administered March 2, and the perjury charged to be March 3. *Held*, that the indictment was not repugnant. The time stated when the oath was administered was not material, so that it was before the finding of the indictment and within the statute of limitations.

After a general verdict of guilty a conviction will be sustained if there be one good count in the indictment, although many others are defective.

ERROR to Washington sessions to review the conviction of George S. Wood.

Plaintiff in error was convicted upon an indictment for perjury at a court of sessions, held in and for the county of Washington on the 27th day of August, 1872, before Hon. Chas. S. Lester, county judge of Saratoga county, and Eli Skinner and William Hutton, justices of the peace of Washington county, designated according to law as members of the court of sessions. Upon such conviction plaintiff in error was sentenced to imprisonment in the State prison for five years. Afterward and on the 26th of August, 1873, exceptions were settled by Hon. A. D. Wait, county judge of Washington county, and John R. Little and John Norton, justices of sessions of said county, none of whom took part in the trial of said indictment, or were members of said court when the same was tried. Nor does it appear that said court held in August, 1873, was a continuance or adjourned term of the court held in August, 1872.

Upon the trial exceptions were taken to the rulings of the court which are alluded to so far as is necessary in the opinion. The writ of error was granted on the 20th day of January, 1874, and was accompanied with a stay of proceedings, the plaintiff in error being, as is understood, on bail since his conviction.

*C. F. Doyle* and *J. S. Landon*, for plaintiff in error.

*R. C. Betts*, district attorney, and *H. Smith*, for the people.

BOARDMAN, J. The bill of exceptions presented to us is not such as the law requires. By 2 R. S. 736, § 21, it is provided that exceptions may be taken upon the trial of an indictment by the defendant, to the decisions of the court as in civil cases. But by sections 23 and 24, such bill of exceptions shall not delay the execution of the judgment, unless a stay is indorsed upon such bill of exceptions after the same is settled and filed. In this case no exceptions were settled as required by law by the court which tried the

plaintiff in error, nor until a year after the trial. Then persons who took no part in the trial, and were not members of the court when the trial was had, assumed to sign and settle the bill of exceptions. Such practice is wholly unwarranted. The same court which tries a criminal must settle the bill of exceptions, and such settlement must take place before the final adjournment of the court at which the trial is had. *Birge* v. *People*, 5 Park. Cr. 9. The fact that provision is made for such settlement when the judge who tried the case is dead or gone out of office (Laws of 1872, chap. 56), indicates quite clearly that the judges who preside at the trial must settle the bill of exceptions, and that no other judges or officers can do so. It is self evident that such a rule is the only safe and prudent one.

If this conclusion be correct there is no bill of exceptions in this case before this court, and its contents cannot be examined as a basis of action upon this writ. All that the writ has brought up is the judgment record. Such questions only as arise upon the face of the record can be reviewed. Nearly all the objections upon which the plaintiff in error relies, are such that, if real, they will appear upon the record and may therefore be reviewed.

After pleading not guilty to the indictment, the plaintiff in error moved to quash it for various reasons assigned, and an exception was taken to the denial of the motion.

This exception cannot avail because such motion is addressed to the discretion of the court, and is not a proper subject of exception. *People* v. *Eckford*, 7 Cow. 535 ; 1 Colby's Crim. Law, 266. The case is still stronger against the plaintiff in error after arraignment and plea of not guilty. *People* v. *Walters*, 5 Park. Cr. 661; 1 Whart. Crim. Law, §§ 519, 520, 524.

But that is not of importance since the same objections are presented by a motion in arrest of judgment at the close of the case. Let us examine the various questions presented and see whether the indictment is sufficient to sustain the conviction.

Because the court is alleged to have been held in the town of Kingsbury, and the perjury to have been committed in the village of Sandy Hill, it is claimed that the conviction cannot be maintained. It is sufficient that each count in the indictment charges that the court was held and the perjury committed in the county of Washington. That is all that was essential to jurisdiction in this case. The precise locality in the county is not matter of description, and

need not be proved as laid. The charge is transitory. *Rex* v. *Woodward*, 1 Moody's C. C. 323; 1 Whart. Am. Crim. Law, §§ 601, 602; 2 Colby's Crim. Law, 131.

But courts take judicial cognizance of the statutes of the State whereby counties, towns, cities and villages are created, and thus know that the village of Sandy Hill is the town of Kingsbury. *Vandewerker* v. *People*, 5 Wend. 530; *Bronson* v. *Gleason*, 7 Barb. 475; *People* v. *Breese*, 7 Cow. 429.

Another objection is that the oath was administered March 2, and the perjury committed March 3, and that the indictment is therein repugnant. The time stated in an indictment when the oath was administered is not material, so it be before the finding of the indictment and within the statute of limitations. There are certain exceptions where time is the essence of the offense, but this is not one of them. *People* v. *Stocking*, 50 Barb. 573; 2 Colby's Cr. Law, 129; 1 Whart. Cr. Law, §§ 261, etc. The time so stated is immaterial, and may be rejected.

Another objection is that perjury is imperfectly assigned. A careful reading of this indictment satisfies me that the assignment of perjury is full and complete in some of the counts. In the first count it is alleged that the evidence therein stated to have been given was material to the issue being tried; gives the testimony of plaintiff in error on former trials and then specifically and in detail charges that it was false. If, however, in some instances, such assignments should be found defective and insufficient, it would not answer the plaintiff in error's purpose, so long as any one charge in the count is perfect upon the record. *Rex* v. *Hill*, Rus. & Ry. 199; 2 Whart. Cr. Law, § 2260; *People* v. *Haynes*, 11 Wend. 557 (reversed in court of errors, but not on this point). The remainder may be rejected as surplusage. *Reg.* v. *Ingram*, 1 Salk. 384; *Reg.* v. *Rhodes*, 2 Lord Raym. 886; Douglas, 703.

Whatever may be thought of the assignment of perjury in some of the counts, it is beyond doubt that the first count is good under the above authorities. Conceding that, a motion in arrest could not prevail, nor can a conviction be reversed. After a general verdict of guilty, as in this case, the conviction will be sustained if there be one good count, though many others are defective. *Guenther* v. *People*, 24 N. Y. 100.

It appears that, in 1869, Wood brought an action of slander against one Conant, alleging that Conant had charged him with

killing a diseased cow, and selling diseased and unwholesome meat from said cow. Conant answered by general denial, and also justification. Upon the trial Wood testified that the cow was never sick to his knowledge, nor lame, nor had she any swelling to his knowledge; that he had never told one George Chapin she had a swelling; that no part of the meat was cut off and thrown away; that the meat was not diseased, and that he ate a portion of said meat, etc.

All this, and other evidence not here set forth, was and is alleged to be false, and for such alleged false swearing this indictment was obtained. Upon a trial before a jury, Wood has been convicted.

Notwithstanding it is believed the proceedings and evidence upon the trial are not properly before us for review, we will briefly allude to the objection raised in that respect.

It is difficult to understand why all the testimony alleged to be false was not material upon the issue above stated. Certainly it all bore upon the possession by Wood of a diseased cow, of his slaughtering her, of his knowledge of her condition and the quality of the meat, and was, therefore, competent evidence to repel the justification. If Wood's evidence was believed in the action of slander, a justification of the words spoken could not be sustained. Whatever evidence may have been given by Conant tending to establish the truth of the words charged, it would be overcome by Wood's testimony, if credited. It must be apparent from the nature of the issue upon the face of the record, that the evidence was material.

Another objection is the refusal of the court to instruct the jury as to the punishment of Wood, if convicted. The refusal was correct. The jury had nothing to do with the punishment, nor had the degree of punishment any possible right to influence their verdict. Such information would have been simply mischievous in its effects upon jurors by creating sympathy or prejudice, in no respect aiding them in rendering a true verdict upon the evidence. *Wilson* v. *People*, 4 Park. Cr. 633.

In the view taken of Wood's evidence, no error was committed in allowing Woodcock to testify to the killing of the cow, to finding a sore upon her which he cut off and threw away. It was essential to Conant to prove the cow in Wood's possession, diseased, slaughtered in that condition, and a diseased portion of the flesh thrown away. All these were circumstances essential to be proved in justification. It may well be that other and more important facts must

be also established, but these were links in the chain, and were competent.

The decision of the court in the admission of Brigham's evidence as to the quality of beef was correct. The reason he gave for such decision is not excepted to, and is not covered by any exception to the admission of the testimony. The remark of the judge was not apparently addressed to the jury, and was not the object of an exception.

The writ of error brings before this court only the record and exceptions taken on the trial. It is not competent for the court to weigh the evidence or pass upon the correctness of the verdict of the jury. Questions of fact cannot be reviewed by writ of error. It is not analogous to appeals in civil cases. The evidence is only of use in determining the value of the exceptions taken. *People* v. *Thompson*, 41 N. Y. 1.

For the reasons assigned, we think no fatal error was committed upon the trial of this indictment, and that the conviction and judgment should be in all things affirmed.

The proceedings and judgment are remitted to the court of sessions of Washington county for such further action as may be proper, and the plaintiff in error will appear at the next court of sessions to be held in and for Washington county, and abide the order and judgment of said court.

*Judgment affirmed.*