### HUNT *against* BLOOMER.

In order to review, on appeal, a judgment rendered upon a ,hª by the court without a jury, a case must always be made.

This case should contain the facts found by the judge and ï ls ʔ nclusions of law, stated separately, the exceptions taken during the trlɑl, ɑnd also thosʔ taken after judgment to his final conclusions of law.

If a party desire to review at a general term any finding on a question of fact, the case should contain the evidence bearing upon such question. Otherwise it should contain only so much of the evidence as is necessary to present the questions of law raised by the exceptions.

The case should be proposed and amended, and settled by the judge who tried the cause.

Decisions made by the judge during the trial and which are deemed erroneous should be excepted to at the trial, and cannot be after judgment.

The exceptions which may and should be made within ten days after notice of the judgment, are to the final conclusions of the judge.

The proposed case and exceptions, if served within ten days after notice of the judgment, will be a sufficient exception to the final decisions of the judge.

But where the case and exceptions are not served within that period, excep- tions to the final decisions must be served within the ten days, to authorize such exceptions to be inserted in the case.

Exceptions which appear in the case as settled, will, on appeal, be assumed to have been duly taken.

Where the case does not contain exceptions taken during the trial or after the judgment, the case cannot be reviewed in this court, and the appeal will be dismissed.

MOTION to dismiss the appeal. The suit was instituted to foreclose a mortgage. At the special term the plaintiff moved the cause upon the complaint, the bond and mortgage therein set forth and the answer of the defendant. He waived proof of the matters set up in the answer, claiming that they constituted no defence. The judge so ruled and pronounced judgment accordingly. The record does not show that any exception was taken to the decision. On appeal to the general term, the judgment was affirmed, and the defendant appealed to this court.

*N. Hill, Jr.*, for the motion.

*John Moody*, opposed.

COMSTOCK, J. The motion must be granted. The Code provides (§ 268) that, for the purpose of a review after a trial by the court, either party may except to a decision upon a matter of law arising on such trial, within ten days after notice in writing of the judgment, and that a case or exceptions may be made within the same time, or such further time as may be allowed by the rules of the court. The last part of the same section declares that the questions, whether of fact or law, can be reviewed only in the manner prescribed.

Under the former practice, exceptions could not be taken after the trial. If the court erred in charging or in refusing to charge the jury, the exception was made and noted at the time, or at least before the verdict. But under the Code, where the trial is by the court, the judge takes the evidence, and his decision may be and often is made after-

wards. There is consequently no opportunity to except at the trial to the disposition which he finally makes of the questions before him on the whole case. To afford an opportunity of doing, after the final decision and judgment what could not be done before, is the object of the first part of the section referred to. The exceptions which may be and must be made within ten days after notice of the judgment, are those and only those which, under the former system of practice, were made to the rulings of the court after the evidence was closed and before the jury retired. This clause of the section does not authorize exceptions to be taken, after judgment, to matters arising during the trial, and where there is an opportunity to except at the time the adverse decision is made. Where a party can except on a point ruled against him as the trial is proceeding, but omits to do so, and acquiesces in the decision, it might lead to great injustice to give him the benefit of an exception taken after the judgment. This was not the intention of the Code.

In order to review the judgment after trial by the court, a case must always be made. In settling this, the Code imperatively requires a statement of the facts found by the judge, and his conclusions of law. The party who prepares the case should insert this statement, which, like any other part of the case, will be subject to amendment by the other party, and settlement by the judge. If it be desired to review any conclusion of fact, the case will contain the evidence bearing upon that conclusion. It will also contain the exceptions taken during the trial, and those taken after the judgment to the final conclusions of law. The case, if served within the ten days, will be of itself a compliance with the first clause of the section, and no other exceptions will be required to satisfy that clause. If not served within ten days, then a formal exception must have been made and served within that time, as the authority for inserting it in the case afterwards prepared, and any

exception which appears in the case as settled, will be assumed to have been made in due time.

The proceeding thus prepared for the review of a judgment will combine the qualities both of a case and a bill of exceptions, as those terms were formerly understood. Its proper name we think is a case, but it must contain the exceptions taken during the trial, and those taken after the trial and judgment; and there is no right to review upon a question of law on any other terms. The exception must be taken at the trial, if there was opportunity, or if not, then within ten days after notice of the judgment, and it must always be stated in the case.

In regard to the present appeal, there is in the record a brief entry, stating the fact of a trial on which the question was raised and argued whether the answer showed any defence. It then goes on to state that the judge rendered the following judgment, setting it forth *in haec verba*. This entry may be called a case, but it should have stated in substance that upon the facts set forth in the answer the judge ruled and decided, as matter of law, that there was no defence to the action, and that the defendant excepted As there was no exception, so far at least as now appears there is no right to have a review of the judgment.

The appeal should be dismissed.

All the judges concurred.

Appeal dismissed.