### JOHNSON *against* WHITLOCK.

The review in this court of a judgment, entered upon the decision of referees, must be upon the case and exceptions upon which the cause was heard in the court below, except where, by leave of that court or the consent of parties, one presenting only the questions of law raised is substituted.

Johnson *against* Whitlock.

The court below has power on motion to reform the case on which the cause was reviewed in that court, so that it shall contain only the evidence and proceedings necessary to present the questions of law raised.

But that court is not authorized to change the case so as to present the facts otherwise than as found by the referees, or to insert therein exceptions not taken on the trial or to their final decision.

The manner in which the decisions of referees should be excepted to and reviewed, how a case for that purpose should be prepared and settled, and what it should contain, discussed and pointed out by COMSTOCK, J.

MOTION to dismiss appeal. The cause was tried before a referee, and judgment on his report in favor of the plaintiff was entered in September, 1853. The defendant appealed to the general term of the supreme court, and made a case which contained all the evidence, the exceptions taken during the trial, and exceptions to the referee's conclusions, both of fact and law, as stated in his report. On the case so made the judgment was reviewed at the general term, and, with some modification, was affirmed. After this affirmance, the defendant, intending to appeal to this court, prepared and served a statement of facts, in the nature of a special verdict, to be settled by one of the justices of the supreme court, with a view to have the same incorporated in the roll and so returned on the proposed appeal to this court. The justice before whom the motion to settle the statement was made denied the application, on the ground that a practice of this kind was not allowed by the Code. The defendant then made and served, without motion or leave, a bill of exceptions, or case in the nature of a bill of exceptions, which contained the exceptions taken on the trial and to the report of the referee, and so much of the evidence contained in the original case as was deemed material to the questions of law to be reviewed. The plaintiff, deeming this practice also irregular, proposed no amendments; and the defendant's attorney, regarding the case so served as settled by lapse of time, filed a copy of it with the clerk of the court in which the judgment was entered. He then brought his appeal to this court, and procured a return to

be made containing the case thus prepared and filed, but omitting the original one on which the cause had been heard at general term.

*N. Hill, Jr.*, for the appellant.

*J. H. Reynolds*, for the respondent.

COMSTOCK, J. The Code of Procedure provides that a trial before referees is to be conducted in the same manner as a trial by the court; that they must state separately the facts found and their conclusions of law; that their decision must be given and may be reviewed in like manner, but not otherwise, and that they may in like manner settle a case or bill of exceptions. (*Code of* 1852, § 272.) The practice on reviewing the decision of referees must therefore be ascertained, if at all, by a reference to the provision concerning trials by the court, which is in substance (*see* § 268) that the decision must be excepted to within ten days after notice of the judgment; that a case or exceptions may be made after the judgment, in settling which, the judge must state the facts found and his conclusions of law. The law and the facts may both be reviewed at the general term, but the law only by this court; and the review can be had only in the manner specified.

We have held at the present term, on motion to dismiss the appeal, in *Hunt* v. *Bloomer* (*ante p.* 341), that after a trial by the court the only mode of review is upon a case which must contain the proper exceptions, if questions of law are to be examined on the appeal. The decision of referees can only be reviewed in the same manner. It has been more or less understood that an appeal may be taken on the record containing the report and without any case being made, where it is intended to review conclusions of law only. But the Code does not admit of this interpretation. As a case must always be made after a trial by the court, and as the decision

Johnson *against* Whitlock.

of a referee can only be reviewed in the same manner, it follows that the same proceeding must be taken.

We also said in *Hunt* v. *Bloomer* (*supra*), that the case made after trial by the court must contain not only the exceptions taken during the trial, but those taken afterwards to the final decision of the cause. The same course must be pursued after trial by referees. It seems to be a practice quite common to file and serve an exception or a series of exceptions to the report of the referee, and print it as a paper entirely separate from the case. This is erroneous. The Code says the decision of the referee may be excepted to within ten days after notice of the judgment, and the exception is no doubt properly made by filing and serving it. But this is not the proceeding on which a review is to be had. The exception is thus allowed to be made because there was no opportunity to make it at the trial. It must be made within the time as a condition to the right of inserting it in the case. If the case is prepared and served within the time, it may contain the exception, and there will be no occasion to file or serve it as a separate matter. The intention of the Code is to give a right simply to except afterwards where it cannot be done at the trial ; but the case and the exceptions made after the final decisions are by no means separate proceedings on appeal. They must be incorporated together.

We have also said that in settling the case after trial by the court, the facts found and the conclusions of law must be separately stated. (*Hunt* v. *Bloomer*, *supra*.) This the Code explicitly requires, and this must also be done when the trial is by referees. Their decision is to be reviewed in like manner, and not otherwise ; and they may in like manner settle a case or exceptions. On this point it is believed there is quite a general misapprehension. The decision of the referee, which goes into the record as the basis of the judgment, usually contains a statement of facts and conclusions of law ; and hence it has been supposed that no state-

ment of this character need be made in the case. The Code, indeed, requires that referees shall state the facts found and the conclusions of law separately, but it does not say that such statement must be contained in the report of their decision. On a trial by the court, the decision of the judge need not and does not contain any special statement of this kind. It merely sets forth what the judgment is to be without giving the reasons. The facts found and the legal propositions based thereon, are to be stated only for the purpose of a review, and then they are to be contained in a case which the judge is to settle. The decision of referees " must be given" in like manner, and "in like manner" they may settle a case. My conclusion is, although a different practice has prevailed, that the decision of a referee may be in the same general form as that of a judge. No possible reason for a distinction can be suggested, and I do not think the Code intended to make any. The grounds of decision are of no importance in either case where there is no appeal. Those are of consequence where a review is to be had, and then a case must be made in whichever mode the cause has been tried. It is at all events clear that the case must be settled by the referees in the same manner as by the judge, that is to say, it must state the facts found and the conclusions of law.

Under the exposition of these provisions of the Code, which has been given, there will be no occasion for the variety and confusion which have prevailed in practice. The procedure for a review will be simple and entirely homogeneous in both the modes of trial, and this is what the Code evidently intended. For the sake of greater distinctness, it may be summed up thus : After trial the first step will be to except, within the time limited, upon the legal points and propositions involved in the final decision ruled against the party intending to appeal. The next proceeding will be to prepare a case and have it settled by the judge or referees, if not agreed on. This will contain

the evidence bearing upon any conclusion of fact intended to be reviewed; also the exceptions taken during the trial and those made after the trial to the final decision. The facts found and conclusions of law must be separately stated. This statement, like the other parts of the case, must be prepared by the party who appeals, and of course it will be subject to amendment and settlement. On the case so prepared and settled, the review is to be had at the general term. The exceptions separately served after judgment, should not appear at all, except as they are settled and stated in the case.

The motion before us to dismiss the appeal presents the question, whether the same case on which the review was had at the general term should be returned to this court, or whether a new case may be made without consent or leave of the supreme court. As questions of law only can be reviewed in this court, it would certainly be a desirable and commendable practice, if the parties can agree upon a form of a case which will relieve the record of useless and redundant matter. We can only examine errors of law upon exceptions duly stated in the case, and therefore a brief statement of the evidence or facts upon which the questions arise is all that is useful on a review in this court. But the Code has given to the appellant no right to make up and serve a new case after the affirmance of the judgment in that .court. In the absence of any agreement between the parties, and of any different settlement by the supreme court, the review in this court is to be had upon the case as originally prepared and settled. The inconvenience which such a practice is calculated to produce will be less felt, if the party intending to appeal to this court, has been careful to have a full and precise statement of the facts found and conclusions of law inserted in his original case. If this statement has been imperfectly made, we have no doubt of the power of the supreme court to direct a resettlement, and to reform the proceedings in any manner not inconsistent

with the actual finding of the judge or referee upon the facts. The facts, as found, cannot be changed and found differently, nor can leave be had to insert exceptions never in fact taken, but within these limitations it will always be proper to move in the supreme court, not to turn the case into a bill of exceptions, a proceeding which has no existence under the Code, nor into a special verdict, but so to amend the case itself as to fitly present the questions which are to be examined in this court. And there is always occasion sufficient to justify such a motion, when the case as heard at the general term contains a mass of evidence bearing only upon questions of fact, or wholly unnecessary to explain the exceptions and questions of law. But where there has been no action of the supreme court, and the parties have not agreed upon anything different, the appellant may, and he must, have returned on his appeal the same case on which the cause was finally determined in the court below.

We therefore dismiss the appeal, but without costs, for want of a proper return, unless one be made within thirty days after the close of the next general term of the supreme court in the 8th district.

Appeal dismissed.