DAVIE, receiver, etc., v. VAN WIE *et al.*, appellants.

*Practice — case on appeal — what it should contain.*

In an appeal from a judgment entered upon the report of a referee, the appellant served a case for argument, containing an introductory statement of the proceedings in the cause, the notice of appeal, the judgment record containing the referee's report and the exceptions filed thereto, but not containing the evidence. *Held,* that the practice of the appellant was correct, and a motion to strike out the exceptions and introductory statement in the case was denied.

MOTION to strike out exceptions from case and introductory statement.

The cause was tried by a referee who found for the plaintiff, and a final judgment was duly entered up upon the filing of the referee's report. The defendant filed exceptions to the report within the ten days required by the Code, and appealed from the judgment in due time. The defendant made no case containing the evidence, but served printed copies of the case for argument, containing an introductory statement of the proceedings in the cause, the notice of appeal, the judgment record containing the referee's report and the exceptions filed thereto. The plaintiff moved to strike out these exceptions and the preliminary statement.

*William Cornwell*, for plaintiff, cited *Bissel* v. *Hamlin*, 20 N. Y. 519; Sup. Court rule 34; *Price* v. *Powell*, 3 N. Y. 324; *Hunt* v. *Bloomer*, 13 id. 341; *Johnson* v. *Whitlock*, id. 344; *Grant* v. *Morse*, 22 id. 323; *Leffler* v. *Field*, 33 How. 385; *Conolly* v. *Conolly*, 16 id. 224; *Sutherland* v. *Rose*, 47 Barb. 144, note to case.

*William Tiffany*, for defendant, cited *Brewer* v. *Irish*, 12 How. 487; *Hunt* v. *Bloomer*, 13 N. Y. 342; *Johnson* v. *Whitlock*, id. 345; Code, §§ 268 (as amended in 1869), 281; *Tomlinson* v. *Mayor of, New York*, 44 N. Y. 601; *Stoddard* v. *Whiting*, 46 id. 627; *Chapman* v. *McKay*, 47 id. 670; Supreme Court rule 50.

E. D. SMITH, J. This case is on the calendar at the present term, and the only question presented upon this motion in effect is, whether it can properly be brought on for argument in its present shape. The cases of *Hunt* v. *Bloomer*, 13 N. Y. 341, and *Johnson* v. *Whitlock*, id. 344, and *Bissel* v. *Hamlin*, 20 id. 519; *Otis* v. *Spencer*, 16 id. 610, and *Westcott* v. *Thompson*, id. 613; *Titus* v. *Orvis*, id. 617, had settled that, in order to review upon appeal a judgment rendered upon a trial by a referee or by the court without a jury, a case must be made containing exceptions with the evidence or, without the evidence in full, as upon a bill of exceptions, and the findings of the judge or referee in the same manner, as upon trials at the circuit, and duly settled by the referee or the judge. According to these cases, it was held that it was not sufficient to annex the report of the referee or judge and the exceptions to the judgment record, or print or refer to them in the case as separate documents. In 1869 the legislature changed this practice by amending section 28 of the Code, providing as follows: "That for the purposes of an appeal from a judgment rendered on the report of a referee or the decision of a judge on a trial without a jury, it shall not be necessary to insert at large in the case the findings of fact or conclusions of law of such judge or referee or the exceptions thereto filed, but if the same appear as part of the judgment roll, they may be referred to and used on the argument of the appeal with the same effect as though inserted in the case." This amendment might have left the practice uncertain, but the amendment at the same time of § 272 removes all doubt as to the intent of the legislature. This section is amended as follows: "When the case on appeal shall have been heard and decided at the general term

upon the report of the referee, and exceptions without a case containing the evidence, the decision may be reviewed in like manner on appeal to the court of appeals." After these amendments to the Code had been made, the general term in the 7th district on several occasions heard and decided cases upon the referee's report and exceptions, and held that the case need contain nothing more than the notice of appeal, the judgment record and the exceptions to the referee's report. In a case upon appeal to the court of appeals (the case of *Chapman* v. *McKay*), presented to us on this motion, it appears that the judges of the fifth district also at a general term, held in Syracuse, October, 1869, all the judges of that district being present, heard and decided the case upon the judgment record, including the referee's report and the exceptions filed thereto, and the notice of appeal, and the same case it appears was also heard upon the same case without objection, and decided in the court of appeals, and is reported in 47 N. Y. 670. It is therefore, we think, regular practice upon appeal from the judgment rendered by a judge in a case tried without a jury or by a referee, if the party appealing is satisfied with the finding upon the facts by the referee, and desires merely to review his legal conclusions upon such facts to bring the cause on for argument on a case containing simply the notice of appeal, the judgment recovered, including the exceptions filed to the report of the judge or referee, if such exceptions are embraced in such record, as they should be according to § 281, if the same are filed before the judgment is perfected, and if not, then to include also such exceptions as are annexed to such record. Such a practice is certainly to be encouraged and approved, for it is quite apparent that so far as it can be adopted it tends greatly to lessen the expense of preparing cases for argument, and facilitates their examination and review by the court at general term and in the court of appeals. The motion to strike out the exceptions and introductory statement in the case must therefore be denied.

*Motion denied.*