JOHN M. FRENCH, Jr., Appellant, *v.* DANIEL W. POWERS, Respondent.

Under the provision of the Code of Procedure, in reference to making a case for the purposes of review, in an action tried by the court or a referee (§ 268), the ten days allowed for that purpose did not begin to run until the entry of judgment, and notice thereof; the alternative stated therein, "or within such time as may be prescribed by the rules of the court," meant such further time as might be prescribed.

A service, therefore, of a copy of a referee's report, and notice of filing, did not operate to limit the time to serve a case or exceptions.

Accordingly, *held,* that the rule of the Supreme Court (rule 34 of 1858, rule 47 of 1871 and 1874, and rule 32 of 1877), requiring a case to be served within ten days after written notice of the decision, or report was in conflict with the Code, and consequently inoperative.

The practice, in this respect, was not changed by the provision of the Code of Civil Procedure (§ 994), providing that exceptions, taken after trial,

may be taken "at any time before the expiration of ten days after ser-
vice * * * of a copy of the decision of the court, or report of the
referee, and *a written notice of the entry of judgment thereupon.*"

While under this provision exceptions may be taken at any time after
trial they are not required to be taken until ten days after notice of
judgment; and although no provision is made as to time for serving the
case, as the case is required to contain the exceptions (Code § 997), it
need not, and cannot be served until after the exceptions are framed,
and the party cannot be put in default for not serving a case containing
them, before the expiration of the time allowed for framing them.

The exceptions referred to in said provision are not simply those taken on
the trial.

*It seems,* that where a report of a referee, and notice of filing thereof, were
served prior to the going into effect of the Code of Civil Procedure (Sept.
1, 1877), but no judgment had been entered, that even if the practice
had been changed by the said Code, and the rule validated, the notice
would not have become operative to limit the time for making a case to
ten days after the Code went into effect; as the notice when served did
not operate to limit the time, the new provision could not retroact to give
it that effect, and a new notice should have been served.

(Argued January 27, 1880; decided February 24, 1880.)

APPEAL from order of the General Term of the Supreme
Court, in the fourth judicial department, affirming an order
of Special Term, which denied a motion on the part of the
plaintiff, that a case made and served herein be declared
settled as proposed, or for other relief.

This action was tried before a referee; his report was filed
July 30, 1875, and a copy, with written notice of filing, was
on that day served on plaintiff's attorney. No judgment
has been entered upon the report. Exceptions to the referee's
report were filed, and served on defendant's attorney, April
29, 1878, and a proposed case was served May 1, 1878, which
was returned by defendant's attorney upon the ground that
the time for making a case had expired.

*Geo. G. Munger,* for appellant. The time for serving a
case had not begun to run, under the Code of Procedure,
which governs this case. (Code of 1848, §§ 223, 227, 268;
*Hunt* v. *Bloomer,* 13 N. Y., 341, 343; *Johnson* v. *Whitlock,*
id., 344, 346, 349; *Chegaray* v. *Mayor, etc.,* id., 220; *Stuart*

v. *Marquis of Bute*, 6 Dow., 73.) It is not necessary, under the Code of Civil Procedure, to serve a case before notice of entry of judgment. (Code of Civil Procedure, §§ 994, 997, 998.) If the Code of Civil Procedure has inaugurated a new system, it is inapplicable to the present case. (*Dash* v. *Van Kleeck*, 7 J. R., 477; *People* v. *Supervisors Columbia Co.*, 43 N. Y., 130; *Roosevelt* v. *Kellog*, 20 J. R., 298; *Johnson* v. *Burrell*, 2 Hill, 239; *Wood* v. *Oakley*, 11 Paige, 403; 1 N. Y., 423, 426, 428, 608; *Farmers' Loan and Trust Co.* v. *Carroll*, 2 id., 566; *Dunham* v. *Watkins*, 12 id., 556; *Bolles* v. *Duff*, 55 Barb., 583; *Ex parte Remsen*, 59 id., 317; *Drake* v. *Gilman*, 52 N. Y., 389.) The order appealed from is appealable to this court. (Code of Civil Procedure, § 190, sub. 2; *Leland* v. *Hathorne*, 9 Abb. [N. S.], 97; *Bush* v. *Treadwell*, 11 id., 27; *Gregory* v. *Cryder*, 10 id., 289; *Townsend* v. *Hendricks*, 40 How., 143; *Yates* v. *North*, 44 N. Y., 271; *Fredericks* v. *Taylor*, 52 id., 596, 599.)

*William H. Shepard*, for respondent.    The plaintiff's time to serve a case or case and exceptions, expired on the 30th day of October, 1875. (Code of Procedure, § 268; Rule 34 of 1858, Voorhies' Code, 1859; Voorhies' Code, 1857, Rule 15; Rule 34 of 1858; Rule 41 of 1874.) Although it is a settled rule that an act of the Legislature is not to be construed to operate retrospectively so as to take away a vested right, this principle does not apply to a statute which merely alters or modifies a remedy. (*People* v. *Tibbits*, 4 Cow., 384, 492; *Dash* v. *Van Kleeck*, 7 J. R. [note b], 477; *Dickerson* v. *Cook*, 16 Barb., 509; *In re Smith*, 10 Wend., 449; *People ex rel. Witherbee* v. *Supervisors*, 70 N. Y., 236.) The provisions of the Old Code and of the New, in relation to exceptions to decisions and reports, and the making and serving of cases, are substantially the same. (Old Code, § 268, sub. 1; New Code, §§ 994, 995, 996, 998, and Throop's note to last section.)

RAPALLO, J.    On the 30th day of July, 1875, when a copy of the referee's report and notice of its filing were

served upon the plaintiff's attorneys, such service did not operate to limit the plaintiff's time to serve a case or exceptions. The time did not begin to run, under the then existing law, until the entry of judgment and notice thereof, and the plaintiff had ten days thereafter, within which to serve a case and exceptions. (Code, § 268, 1851.) This section as amended in 1851 provided that the service of the case should be made within ten days after notice of the judgment, or within such time as might be prescribed by the rules of the court, but this provision was construed by this court in *Hunt* v *Bloomer* (13 N. Y., 341), to mean such *further* time as might be prescribed. As the exceptions were not required by the Code to be filed or served until after the entry of the judgment, it could not have been intended that the court should prescribe an earlier time for the service of the case containing the exceptions, than that prescribed by the statute for serving the exceptions themselves, though it might well be that a longer time would be required to prepare the case. *Johnson* v. *Whitlock* (13 N. Y., 344), also recognizes that the case was not required to be served until after judgment. The court properly held therefore in the present case that rule thirty-four of the Supreme Court, which required a case to be served within ten days after written notice of the decision or report, in a case tried before the court or a referee, was in conflict with the Code and consequently inoperative.

The notice of the filing of the report therefore did not limit the time for serving either the case or the exceptions. The time did not begin to run before the entry of judgment and notice thereof. But it is claimed, and was held at Special Term, that section 994 of the Code of Civil Procedure which went into effect September 1, 1877, changed the practice in this respect, and validated rule thirty-four which made the time run from the service of the report and notice, and that consequently the notice in this case having been served before September 1, 1877, it became operative on that date by virtue of the New Code, and the rule, and the

time consequently ran from the time the New Code went into effect, and expired ten days thereafter.

I do not think it quite clear, that that result would follow even if the New Code had changed the practice. It would be more reasonable to hold, that as the notice when served did not operate to limit the time to serve a case, a new notice should be served under the New Code, in order to obtain the effects which the New Code is supposed to give to such a notice, and that the New Code, did not retroact and give to a notice served in 1875 an effect and force which it did not then have.

But it does not appear to us that section 994 of the New Code does change the former practice. It provides that exceptions taken after the trial may be taken at any time before the expiration of ten days after service of a copy of the decision of the court or report of the referee, and a written notice of the entry of judgment thereupon. Although under this section exceptions may be taken at any time after the trial, they are not required to be taken until ten days after notice of judgment. The section further provides that if filed before the entry of judgment, they shall be inserted in the judgment-roll. If afterward they must be annexed to it.

No provision is made in the New Code as to the time for serving the case. It must be made and settled as prescribed in the general rules of practice. This provision relates to the manner in which the case is to be made and settled, but within what time it is to be served it is not said. All that is clear upon this subject is that the case need not and cannot be made until after the exceptions have been framed, for it is expressly provided that the case must contain them. (§ 997.) It is contended that the exceptions here referred to are only those taken on the trial, but the context does not justify this construction. On the contrary the section provides that the case shall contain so much of the evidence and other proceedings upon the trial as is material to the questions to be raised thereby, and also the exceptions

taken by the party making the case, and the same section provides for a subsequent separation of the exceptions from the case ; and the next section (§ 998) provides that it is not necessary to make a case where the party intends on his appeal to rely only upon exceptions taken as prescribed in section 994.

As the party excepting has, under section 994, until the expiration of ten days after notice of the entry of judgment to take the exceptions, it is obvious that he cannot be put in default for not serving a case containing them, before the expiration of the time which the law allows him for framing them. The provisions are not explicit but this much may be spelled out of them. They certainly are not sufficiently perspicuous to justify us in holding that they were intended to change the provisions of section 268 of the Old Code or the interpretation which had been put upon them in *Hunt* v. *Bloomer* and *Johnson* v. *Whitlock*. There would be a manifest incongruity in requiring the case to be prepared and served before the exceptions, for the case, if properly made up, should contain only so much of the evidence as bears upon the questions raised by the exceptions, and until these are prepared and served, the case cannot be properly settled. It should be shaped with reference to the exceptions and to render the proceeding orderly the exceptions should be served before or with the case.

We think that under the New as well as the Old Code the party desiring to appeal has at least an equal time to serve the case which he has to frame the exceptions which it is to contain, and that any court rule abridging this time is inconsistent with the Code and inoperative. As no judgment had been entered when the plaintiff attempted to serve his case and exceptions, we think he was in time and the service should have been accepted.

The orders of the Special and General Terms should be reversed with costs, and the motion granted.

All concur.

Orders reversed.