Follett, J.
The appellant urges that the trial court erred in refusing his application to put the case over the term at which it was tried. The affidavit upon which the motion was made appears in the case, but the respondent’s counter-proofs do not, it being recited: “ Whereupon plaintiff’s attorney made counter-statements, to which no objection was made on the grounds that they were not *648 sworn to, and were received by consent in lieu of affidavits, and upon the affidavit and statements made, and upon all the facts appearing, his application was denied by the court. ”
The evidence upon which the trial court made its decision not being before this court, it is apparent that the refusal to postpone the trial of the case cannot be here reviewed.
Without the evidence upon which the trial court acted this court has no means of determining whether the trial court abused its discretion, and it must be presumed that it did not.
We are asked to grant a new trial upon the ground that the verdict is contrary to the evidence. It does not appear that the case contains all of the evidence, or all bearing upon the disputed payment, and this court is consequently without the means of reviewing this question. Hunt v. Bloomer, 13 N. Y., 341, 343; Cox v. James, 45 id., 557; Porter v. Smith, 35 Hun, 118; Spence v. Chambers, 39 Hun, 193.
By the verdict it is settled that the appellant paid the fifty dollars with intent that it should be applied as a payment on the note.
The court rightly rejected the alleged counter-claim arising from a sale of merchandise by one of the makers of the note to Diana L. Mattison before the will was probated. Her subsequent reception of letters did not cover and validate, by relating back, this act. 2 R. S., 71, § 16; Humbert v. Wurster, 22 Hun, 405.
The appellant took no exceptions to the charge of the court, and the exceptions taken by the appellant to the rulings upon the admission and exclusion of evidence are quite unimportant and do not require consideration.
When the plaintiff first rested the defendant moved for a non-suit, which was denied, but the motion was not renewed at the close of the evidence.
Whether Austin had sufficient authority to receive the payment and so prevent the statute of limitations from running against this action, does not seem to have been distinctly raised in the trial court; but assuming it to be presented by the appellant’s very general motion fór a non-suit, we think, under the evidence, that the question must be answered to the affirmative. Lewis Mattison swears: “I told him (Archer) that Mr. Bates (his co-maker) sent: me down there to see if I could not get fifty dollars to pay our taxes with on this Bates and Archer note; * * * I told him it was in Mr. Austin’s hands, and he said he would pay fifty dollars on it if Mr. Austin would give him a receipt against the administrator.”
*649 This was in April, and on the twenty-sixth of the same month the fifty dollars was paid by Archer to Austin, who paid from it $28.13 taxes, and $4.00 or $4.50 for digging decedent’s grave. A portion of the money was applied for-the benefit of the estate, and as the defendant understood it was to be applied. Subsequently Diana L, Mattisou received letters testamentary and acted as executrix. This reception of this payment was such a necessary act for the protection of the estate as was covered and validated by her subsequently becoming the executrix of the estate. Bellinger v. Ford, 21 Barb., 311, 314 and cases there cited; Priest v. Watkins, 2 Hill, 225, Matter of Faulkner, 7 id., 181.
The judgment is affirmed, with costs.
Hardin, P. J., and Boardman, J., concur.