JOHN W. YOUNG, Appellant, *v.* SOPHIA YOUNG, Impleaded, etc., Respondent.

*Court of Appeals, May* 6, 1892.

*Appeal.    Case.*—Exceptions, taken to the refusal of the court to find in accordance with a request, are properly inserted in the case on appeal.

Appeal from order of the New York common pleas, general term, affirming order denying motion to resettle case.

*E. F. Bullard,* for appellant.

*Robert E. Deyo,* for respondent.

PER CURIAM.—The plaintiff's exceptions, if duly taken under § 994 of the Code, were properly inserted in the case. Code, § 997 ; French *v.* Powers, 80 N. Y. 146.   It does not appear that they were not properly taken in the manner and within the time prescribed in § 994.   They were directed to be stricken out of the case on the settlement, on the ground that exceptions so taken are not to be inserted in the case, but are brought up in connection with the judgment-roll. In this case we think the judge erred.   Section 997 seems to be decisive that such exceptions may be inserted in the case.   The general term affirmed the order on the ground that only exceptions properly taken could be incorporated into the case, and that the exceptions inserted by the plaintiff had not been taken in time.   This does not appear.   We

think there is no doubt that the plaintiff, in order to make his exceptions valid, must have conformed to the provisions of § 994, and that if the exceptions were not taken in the manner there provided they are not valid. If the plaintiff, by mistake or inadvertence, has not conformed his practice to that section, his exceptions will fail unless he is relieved under § 724, or in some other way.

As it stands, the plaintiff is entitled to a reversal of the order, since the ground upon which the general term proceeded is not supported by any facts appearing in the papers.

Orders of special and general terms reversed and motion to resettle the case granted, with costs.

All concur.

NOTE.

See further, Renwick v. N. Y. E. R. R. Co., 36 N. Y. St. Rep. 682; Kingsland v. Mayor, etc., 60 Hun, 489; Kley v. Healy, 127 N. Y. 555; Rothery v. N. Y. Rubber Co., 112 Id. 592; People v. Ryan, 55 Hun, 214; Village of Palmyra v. Wynkoop, 53 Id. 82; Novis v. Pollock, Id. 441; Bohlen v. Met. E. R. R. Co., 39 N. Y. St. Rep. 151; McSwyny v. B. & S. A. E. R. Co., 54 Hun, 637; Matter of Strasburger, Id. 637; Fuchs v. S. Mfg. Co., 58 Id. 611. See note in 4 Sil. (Sup. Ct.),——.