(12 Misc. Rep. 86.)

### KENNEY v. SUMNER.

(Common Pleas of New York City and County, General Term. March 15, 1895.)

1. APPEAL—FROM ORDER DENYING NEW TRIAL—CASE.

    An appeal from an order denying a motion for a new trial must be taken on a case.

2. SAME—MOTION TO DISMISS—STAY.

    An order granting defendant a stay of 60 days after notice of entry of judgment in favor of plaintiff, to make a case, does not affect plaintiff's right to move to dismiss defendant's appeal, but only suspends the enforcement of the judgment.

3. SAME—NOTICE.

    A motion to dismiss an appeal must be made on a notice of eight days.

Action by Alexander Kenney against Perrin H. Sumner. There was a judgment in favor of plaintiff, and defendant appeals. Plaintiff moves to dismiss the appeal. Denied.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

William Henry Knox, for appellant.

W. McCloskey, for respondent.

DALY, C. J. Motion by plaintiff, on notice of four days, to dismiss defendant's appeal from an order denying a motion made by him upon the minutes for a new trial, and to affirm the said order, on the ground of failure to serve a proposed case or any printed papers on appeal. The plaintiff had a verdict at trial term on October 2, 1894, for damages; and defendant, on the same day, moved for a new trial, which motion was denied. The trial judge granted defendant a stay of 60 days after notice of entry of judg-

ment, and 60 days to make a case. Plaintiff has not entered judgment upon his verdict, and defendant has appealed from the order denying the motion for a new trial. He has not, however, made and served a case upon such appeal, and plaintiff moves to dismiss it.

Defendant insists that he is not bound to make and serve a case upon his appeal, on the ground that an appeal from an order denying a new trial upon the minutes is always heard upon a case made at the same time as the appeal from the judgment, and cites rule 38. Nothing in that rule prevents an appeal from the order and the service of a case on such appeal independent of an appeal from the judgment. Section 999 of the Code provides that an appeal from the order must be heard upon a case prepared and settled in the usual manner. Appellant contends that he cannot prepare a case in the absence of a judgment roll. Section 997 prescribes what a case shall contain, and it does not include a judgment roll.

It is also urged by appellant that this motion cannot be made by the plaintiff, because his proceedings are stayed until 60 days after notice of entry of judgment. But this is not so. The trial judge granted defendant a stay of 60 days after notice of entry of judgment. This stay operated only in case judgment was entered, and suspended enforcement thereof. It does not tie plaintiff's hands upon defendant's appeal from the order denying a new trial.

It is also contended by appellant that his time to make a case runs from notice of entry of judgment. But this rule applies only to a case made upon appeal from a judgment rendered by the court or referee, as in the cases cited by him. French v. Powers, 80 N. Y. 146; Schwarz v. Weber, 103 N. Y. 658, 8 N. E. 728. The time to make a case, where the trial was before a jury, runs from the time of the trial or of a motion for a new trial. Rule 32.

But this motion must be denied because the notice (four days) is too short. Appeals from nonenumerated motions may be dismissed on three days' notice (rule 41); but the appeal from an order granting or refusing a new trial is an enumerated motion,— i. e. a motion arising on a case (rule 38). Inasmuch as the order can only be reviewed upon a case made, it must be deemed a motion arising upon a case. Harper v. Allyn, 3 Abb. Pr. (N. S.) 186. A motion may be made to strike an enumerated appeal from the calendar, and for judgment for want of service of printed papers (rule 41); but such motion must be upon notice of eight days (Salters v. Sheppard, 11 N. Y. Wkly. Dig. 189).

Motion denied, without costs, with leave to renew. All concur.