(16 App. Div. 103.)

### ODELL v. McGRATH.

(Supreme Court, Appellate Division, Second Department. April 26, 1897.)

APPEAL—SERVING CASE—RELIEF FROM DEFAULT.

An application for relief from default in serving a case on appeal should be made to the court from whose judgment the appeal is taken.

Appeal from city court of Yonkers.

Action by Charles Odell against John T. McGrath to replevy certain household furniture taken by defendant as agent for one Julia Roswog. From an order denying an application for leave to serve a proposed case and exceptions on appeal, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Adrian M. Potter, for appellant.
Ralph E. Prime, Jr., for respondent.

PER CURIAM. The preparation of a case is not necessary to perfect or prosecute an appeal. A party may argue his appeal on the judgment roll alone. Schwarz v. Weber, 103 N. Y. 658, 8 N. E. 728. The failure to serve a case, therefore, does not fall within the provisions of section 1303 of the Code of Civil Procedure, relative to mistakes or defects in perfecting an appeal. It is by the rules of practice alone that a case is made necessary. It is unquestionable that the time to serve a case prescribed by the rules may be extended or a party permitted to serve a case after his time has expired. There is no express provision in the rules as to where applications to relieve from default in serving a case should be made, but Strong v. Hardenburgh, 25 How. Prac. 438, decides that the proper practice is to apply to the court from whose judgment the appeal is taken.

The order appealed from should be reversed, and leave granted appellant, upon the payment within five days of $10 costs, to serve pro-

posed case within 20 days. Upon failure to pay such costs, the order appealed from should be affirmed, with $10 costs and disbursements.